UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

RONALD L. JONES, JR.,

    Plaintiff,

V.

WINTERWOOD PROPERTY MGMT., et al,

    Defendants.

Civil Action No. 5: 15-51-KKC

**MEMORANDUM OPINION
AND ORDER**

    Ronald L. Jones, Jr., is a prisoner incarcerated at the Christian County Jail in Hopkinsville, Kentucky. Proceeding without an attorney, Jones has filed an original and amended complaint asserting civil rights claims pursuant to 42 U.S.C. § 1983 [R. 1, 17] and the Court has previously granted his motion to proceed *in forma pauperis*. [R. 6]

    The Court must conduct a preliminary review of Jones's amended complaint[1] because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Jones's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as

---

[1] Because Jones's amended complaint [R. 17] asserts claims against three new defendants without repeating his factual allegations and legal claims against the four original defendants, the Court liberally construes his original and amended complaints [R. 1, 17] as collectively constituting his "amended complaint" against seven defendants.

true, and his legal claims are liberally construed in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## Background

In his amended complaint, Jones alleges that on December 11, 2014, he was sitting on the sofa in his apartment when Probation and Parole Officer Todd Lafferty and several Lexington police officers used a key to open the door and enter the premises without knocking or announcing their presence.  [R. 1, p. 4; R. 17, pp. 3, 5]  Jones alleges that Bethany Streble, the property manager for Gleneagle Apartments, provided Lafferty with the keys used to enter the apartment.  [R. 1, p. 7; R. 17, p. 3]  Lafferty arrested Jones at that time because "violations of supervision were present in the residences."  [R. 1-1, p. 1]  Jones alleges that Lafferty used unnecessary force during the arrest, and that as a result he had to be treated by medical staff at the Fayette County Jail.  [R. 17, p. 4]

Jones indicates that after his arrest, the door to his apartment was left open, and several items of jewelry and a large amount of cash were missing from the apartment.  [R. 1, pp. 8-9]  On December 19, 2014, Streble sent Jones a letter advising him that Winterwood Property Management was terminating his apartment lease at Gleneagles Apartments effective January 19, 2015, because of his arrest for violating the terms of his parole.  [R. 1-1, p. 2]

The Kentucky Department of Corrections Online Offender database indicates that at the time of his arrest, Jones was on parole from two separate 2010 convictions in Fayette County for credit card fraud exceeding $100.00 and third degree burglary (persistent felony offender).  That parole was revoked on January 6, 2015 and a new sentence imposed. Jones's full term expiration date is now October 31, 2025.  See http://kool.corrections.ky.gov/KOOL/Details/43463.

In his amended complaint, Jones claims that Gleneagle Apartments, the Commonwealth of Kentucky, the Lexington-Fayette Urban County Government ("LFUCG"), and the Lexington Police Department violated his rights under the Fourth Amendment by entering his apartment without a warrant. [R. 1, pp. 5-6; R. 17-pp. 5-6] Jones further claims that Officer Lafferty violated the Fourth Amendment for the warrantless entry into his apartment, and the Eighth and Fourteenth Amendment for the unnecessary use of force. [R. 17, pp. 3-4, 7] Jones asserts that Streble subjected him to cruel and unusual punishment in violation of the Eighth Amendment and his due process rights under the Fourteenth Amendment. [R. 1, pp. 7-8] Finally, Jones contends that Winterwood Property Management violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by terminating his lease. [R. 1, p. 8]

## Discussion

The Court has reviewed Jones's amended complaint and determined that the individual capacity claims against Officer Lafferty may proceed, but that the remainder must be dismissed.

Jones's constitutional claims against Winterwood Property Management, Gleneagles Apartments, and property manager Bethany Streble must be dismissed for failure to state a claim because their actions were not taken "under color of state law." By its terms, the Constitution and the Bill of Rights govern and limit the conduct which may be undertaken by the government officials – they do not reach conduct by private citizens. As a result, "merely private conduct, no matter how discriminatory or wrongful," is not proscribed by the Constitution. *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). Therefore, while the actions of Gleneagles Apartments, its property manager and management company may (or may not) have been wrongful, they cannot be said to have violated Jones's constitutional rights.

3

*American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  The Court will therefore dismiss the claims against these parties.

Jones has also asserted claims directly against the Commonwealth of Kentucky and against Officer Lafferty in his official capacity.  Lafferty is employed by the Kentucky Department of Corrections, Division of Probation and Parole [R. 1-1, p. 1], and is therefore an officer of the state.  When a state officer is sued in his or her official capacity, the claim is in essence one directly against the state that employs the individual.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009).  In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  The Court must therefore dismiss the claims against the Commonwealth of Kentucky and Officer Lafferty in his official capacity with prejudice.

Jones also contends that LFUCG and the Lexington Police Department violated the Fourth Amendment by entering his apartment without a warrant.  As a threshold matter, the Lexington Police Department is not an independent legal entity which may be sued, it is merely an administrative department of LFUCG, and hence may not be sued apart from the county itself.  *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049

(6th Cir.1994) (since the county police department is not an entity which may be sued, the county is the proper party).

The claim against LFUCG fails as a matter of law because Jones does not allege that the officers' actions were undertaken pursuant to an established county policy or custom; instead, he appears to predicate liability solely upon their employment by the county. But "a municipality cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978). Where the plaintiff complains of isolated actions by individual officers, there is no basis to impose liability upon the county that employs them. *Cf. Gifford v. Bullitt Co. Jail*, No. 3:11-CV-P118-H, 2011 WL 1539795, at *2 (W.D. Ky. Apr. 22, 2011) (*citing Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999)).

Jones's allegations regarding warrantless entry and unnecessary force against Officer Lafferty in his individual capacity do not clearly fail to state a claim, and the Court will therefore order the complaint to be served upon Officer Lafferty for response. Because the Court has granted Jones's motion to proceed *in forma pauperis*, the Lexington Clerk's Office and the United States Marshals Service ("USMS") will serve the summons and Complaint on Jones's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, **IT IS ORDERED** that:

1. Jones's claims under 42 U.S.C. § 1983 against Winterwood Property Management, Gleneagles Apartments, property manager Bethany Streble, the Commonwealth of Kentucky, Officer Lafferty in his official capacity, Lexington Urban County Government, and Lexington Police Department are **DISMISSED WITH PREJUDICE**, and these parties are **DISMISSED** as defendants in this action.

2. A Deputy Clerk in the Lexington Clerk's Office shall prepare a "Service Packet" for service upon officer Todd Lafferty consisting of:

    a. a completed summons form;

    b. the original and amended complaints [R. 1, 17];

    c. the Order granting Plaintiff *in forma pauperis* status;

    d. this Order; and

    e. a completed USM Form 285.

3. The Lexington Deputy Clerk shall send the Service Packet to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

4. The USMS shall personally serve a Service Packet upon Probation and Parole Officer Todd Lafferty at 273 West Main Street, Lexington, Kentucky, 40507.

5. Jones must immediately advise the Clerk's Office of any change in his or her current mailing address. Failure to do so may result in dismissal of this case.

6. If Jones wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Jones files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.

Entered July 14, 2015.

*/s/ Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY